[Civ. No. 816.   Second Appellate District.—March 24, 1911.]

## H. A. PIERCE and ISAAC BURKE, Appellants, v. CITY OF LOS ANGELES, a Municipal Corporation, D. K. EDWARDS, A. A. HUBBARD, and ADNA R. CHAFFEE, Respondents.

STREET IMPROVEMENT—OPENING OF STREET—FAILURE TO POST NOTICES ALONG PROPOSED STREET—INVALID PROCEEDINGS—VOID ASSESSMENT.—Where proceedings for the opening of a city street were taken under the provisions of the street opening act of 1903, section 3 of which requires notices of the ordinance of intention to open the street to be conspicuously posted by the street superintendent along all streets and parts of streets within the assessment district at not more than three hundred feet apart, his failure to so post a particular street within the district rendered the subsequent proceedings invalid and the street assessment void.

ID.—ACTION TO RESTRAIN SALE UNDER ASSESSMENT—FINDING AGAINST EVIDENCE.—In an action to restrain a sale under such void assessment, it is held that a finding that notices of the improvement and of the passage of the ordinance of intention were posted in the manner and form required by law was against the evidence.

ID.—IMPROPER GROUND OF RELIEF—EXCESSIVE APPRAISAL OF DAMAGES—WAIVER OF OBJECTION—ESTOPPEL.—The plaintiffs seeking such injunction cannot maintain it on the ground that the adjustment of damages and benefits along the line of the improvement was appraised at a price in excess of the market value thereof. The matters embraced within that cause of complaint should have been urged during the course of the proceedings, and the failure of plaintiffs to seasonably make complaint thereof estopped them from objecting thereafter on that ground.

ID.—PROPER GROUND OF REVERSAL.—It is held that the judgment refusing the injunction to restrain the sale under the assessment rendered void for failure to post the required notices and the order denying a new trial to the plaintiffs must be reversed on that ground.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

H. A. Pierce, and Ingall W. Bull, for Appellants.

Leslie R. Hewitt, and Emmet H. Wilson, for Respondents.

JAMES, J.—This action was brought for the purpose of securing an injunction restraining defendants from causing to be sold certain real property belonging to plaintiffs. The sale of the property was proposed to be had because of non-payment of assessments levied against it for the purpose of satisfying costs and expenses in connection with the opening of Forty-third street, in the city of Los Angeles. The proceedings for the opening of said street were taken under the provisions of the street opening act of 1903 (Stats. 1903, p. 376). It is alleged in plaintiffs' complaint that notices were not posted within the assessment district, as required by section 3 of the act mentioned. That section provides in part as follows: "The street superintendent shall thereupon cause to be conspicuously posted along all streets and parts of streets within the assessment district described in said ordinance, at not more than three hundred feet in distance apart, notices (not less than three in all) of the passage of said ordinance." The ordinance referred to is the ordinance of intention required to be passed by the city council, declaring it the intention of said counsel to cause the particular improvement in contemplation to be made and specifying the boundaries of the assessment district. It appears from the evidence that within the assessment district as determined by the ordinance of intention were included a short street called Forty-second street, a portion of Central avenue and a portion of Forty-third street. Central avenue extended across the assessment district from north to south, and Forty-third street extended from the westerly line of Central avenue, and at right angles thereto, westerly. The distance from the northwesterly corner of Central avenue and Forty-third street along the westerly line of Central avenue north to the point where said westerly line of Central avenue intersected the northerly line of the assessment district was one hundred and thirty-five feet, and from the southwesterly corner of Central avenue and Forty-third street to the southerly boundary of the assessment district, where it intersected with the westerly line of Central avenue, was the same distance. Forty-third street

is sixty feet in width; Forty-second street extended from Central avenue ninety feet north from Forty-third street at right angles to Central avenue and easterly, the northerly boundary of the assessment district being coincident with the northerly boundary of Forty-second street. It was proposed by the proceedings mentioned to open Forty-third street from the easterly line of Central avenue easterly, and so make a continuous street of the same across and to the east of Central avenue. From the evidence set out in the bill of exceptions it appears that no notices of the proposed work were posted on any portion of Forty-third street within the assessment district. A notice was posted on Central avenue and at a point which would correspond to the corner of Central avenue and Forty-third street if the same was opened as contemplated by the proceedings. At the time of the posting of the notices, Forty-third street did not extend across Central avenue, and notices posted on the easterly side of Central avenue could not be considered as notices posted on that portion of Forty-third street within the assessment district. The statute requires the street superintendent to post his notices ''along all streets and parts of streets within the assessment district,'' and this requirement was not satisfied by the posting of notices in the manner in which they were posted in the proceedings for the opening of Forty-third street. Evidently, from the testimony of the witness who made the posting, there was a lack of understanding as to what was required to be done by him in that regard, for it appears that after posting Forty-second street and placing two or possibly three notices on Central avenue, he proceeded down the line of the street proposed to be opened and posted notices there also. He failed, however, to cover any portion of Forty-third street, as the same was included within the assessment district, and for that reason the subsequent proceedings were invalid. We think that the evidence does not sustain the finding of the court wherein it is determined that notices of the improvement and of the passage of the ordinance of intention referred to in the complaint were posted in the manner and form required by law.

The second ground of complaint urged by plaintiffs, to wit, that in the matter of the adjustment of damages and benefits certain property within the assessment district along the line of Central avenue was appraised at a price greatly in excess

of the market value thereof, is not now available as a ground upon which to ask the relief prayed for. The matters embraced within that cause of complaint were all matters which should have been urged during the course of the proceedings, and the failure of plaintiffs to seasonably make complaint thereof estopped them from objecting thereafter.

Because of the failure of the street superintendent to cause the notices of the passage of the ordinance of intention to be posted in the manner required by the street opening act under which the proceedings were had, there was no jurisdiction given the city council to take further action toward the opening of the street as proposed, and the assessments as levied were, therefore, invalid. It follows from this conclusion that the judgment and order denying plaintiffs' motion for a new trial must be reversed, and it is so ordered.

Allen, J., and Shaw, J., concurred.